Mynor E. **VELA–BARRIOS**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 99–70723.

INS No. A70–955–724.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2001.[*]

Decided Feb. 28, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before D.W. NELSON,
O'SCANNLAIN, and KLEINFELD,
Circuit Judges.

### MEMORANDUM **

Mynor E. Vela–Barrios, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's denial of his application for asylum and withholding of deportation.

In this appeal, Vela argues for the first time that he was deprived of the right to counsel. "Absent overriding justification, an alien must exhaust his administrative remedies prior to seeking review of a deportation order."[1] In order to be exempt from the exhaustion requirement, the alien must show that his due process claims do not involve procedural errors. Vela did not make such a showing, and consequently, this court is without jurisdiction to hear this matter.[2]

Vela also argues that the BIA wrongfully agreed with the IJ's opinion without explaining why. The BIA may adopt the IJ's decision if it first conducts an individualized assessment of the case and clearly indicates its intention to incorporate the IJ's opinion.[3] The BIA did so here, and its adoption of the IJ's opinion was perfectly acceptable.

Vela further argues that he is eligible for asylum because he suffered persecution in the past and has a well-founded fear of persecution in the future on account of imputed political opinion. There is substantial evidence in the record to support the BIA's contrary conclusion that Vela does not have an objectively reasonable fear of persecution because he was very young when his father was killed, he only attended a few meetings with his father, he was not harmed or threatened while in Guatemala, and the conditions in

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Vargas v. INS,* 831 F.2d 906, 907 (9th Cir. 1987).

2. *See id.* at 908.

3. *See Alaelua v. INS,* 45 F.3d 1379, 1382 (9th

Guatemala improved after he left.[4]

AFFIRMED.

4. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995) ("[A]ttacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the petitioners."); *Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996) (citing *Mendez–Efrain v. INS,* 813 F.2d 279, 283 (9th Cir.1987)) (denying petition of daughter of a military policeman who suffered no harm during the two years she lived in the Philippines and who offered no evidence that rebel groups targeted or harmed family members of government officials).

